FILED
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

2012 APR 12  PM 2: 24

-------------------------------------------------------------------X

SHERON LINTON,

                              Plaintiff,

          - against -

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER JOHN/JANE DOE(S) # 1-15,

                            Defendants.

-------------------------------------------------------------------X

U.S. **COMPLAINT**
EASTERN DISTRICT
OF **PLAINTIFF DEMANDS
TRIAL BY JURY ON
ALL ISSUES**

**CV12 - 1807**

**AMON, CH.J.**

**REYES, M.J**

      Plaintiff, by his attorneys, **NASS & ROPER LAW, LLP** complaining of the Defendants,

respectfully alleges, upon information and belief, as follows:

## AS AND FOR A FIRST CAUSE OF ACTION
## IN NEGLIGENCE

      1.     That the damages sought herein exclusive of interest, costs, and disbursements,

exceed $75,000.

      2.     That at all times herein mentioned, Plaintiff, **SHERON LINTON**, was, and still

is a resident of the City, County and State of New York.

      3.     That at all times relevant and material herein, the Defendant, **CITY OF NEW**

**YORK,** was, and still is, a municipal corporation, duly organized and existing under and by

virtue of the Laws of the State of New York.

      4.     That prior hereto on January 26, 2012, and within the time prescribed by law, a

sworn Notice of Claim stating, among other things, the time when and place where the injuries

and damages were sustained, together with Plaintiffs' demands for adjustment thereof, was

duly served on the claimant's behalf on the Comptroller for the City of New York and that

thereafter said Comptroller for the City of New York refused or neglected for more than thirty

(30) days, and up to the commencement of this action, to make any adjustment or payment thereof, and that thereafter, and within the time provided by law, this action was commenced.

5.     That Defendant, **CITY OF NEW YORK,** had the right to conduct a hearing, pursuant to General Municipal Law § 50-h, regarding the facts and circumstances of the incident complained of herein, provided it gave notice within thirty (30) days of service of the aforesaid Notice of Claim.

6.     That Defendant, **CITY OF NEW YORK,** pursuant to General Municipal Law § 50-h, required plaintiff to appear and submit to oral examination under oath with respect to the underlying claim and Plaintiff, **SHERON LINTON,** will so appear and submit to such examination on April 4, 2012.

7.     That this action is being commenced within the time allowed by law for institution of the action.

8.     That, upon information and belief, at all times mentioned herein, Defendant, **CITY OF NEW YORK,** owned and operated a Police force known as the **NEW YORK CITY POLICE DEPARTMENT.**

9.     That upon information and belief, at all times mentioned herein, Defendant, **NEW YORK CITY POLICE DEPARTMENT** was and still is a police force and an agency, department, and/or subsidiary of Defendant, **CITY OF NEW YORK.**

10.    That upon information and belief and at all times herein mentioned, Defendant, **CITY OF NEW YORK,** operated a Police department within the City of New York, known as Defendant **NEW YORK CITY POLICE DEPARTMENT,** which includes the "75th Precinct," and whose Police headquarters are located at 1000 Sutter Avenue, Brooklyn, NY 11208.

11.     That upon information and belief and at all times herein mentioned, an individual(s) known as JOHN/JANE DOE(S) # 1-15 were employed as a Police Officer by Defendant, **NEW YORK CITY POLICE DEPARTMENT.**

12.     That upon information and belief and at all times herein mentioned, an individual(s) known as JOHN/JANE DOE(S) # 1-15, employed as a Police Officer by Defendant, **NEW YORK CITY POLICE DEPARTMENT,** was assigned to and worked at the "75th Precinct," which had Police headquarters located at 1000 Sutter Avenue, Brooklyn, NY 11208.

13.     That, upon information and belief, at all times herein mentioned, "JOHN/JANE DOE(S) # 1-15," a fictitious name whose identity is currently unknown, was employed as a Police Officer, Detective, or in some other capacity as an agent and/or employee of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, an agency, department and/or subsidiary of Defendant, **CITY OF NEW YORK.**

14.     That, upon information and belief, at all times herein mentioned, "JOHN/JANE DOE(S) # 1-15," a fictitious name whose identity is currently unknown, was employed as a Police Officer, Detective, or in some other capacity as an agent and/or employee of Defendant, **CITY OF NEW YORK**.

15.     That, upon information and belief, at all times herein mentioned, the individuals JOHN/JANE DOE(S) # 1-15," as well as other Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** underwent a training program in order to become Police officers, detectives, and/or agents and employees of Defendant, **CITY OF NEW YORK.**

3

16.    That, upon information and belief, at all times herein mentioned, Defendant, **CITY OF NEW YORK**, required all Police officers, detectives, and other agents and/or employees who worked for Defendant **NEW YORK CITY POLICE DEPARTMENT**, an agency, department and/or subsidiary of Defendant, to pass a training program or "academy."

17.    That, upon information and belief, at all times herein mentioned, Defendant **NEW YORK CITY POLICE DEPARTMENT,** an agency, department, and/or subsidiary of Defendant, **CITY OF NEW YORK**, as part of its program for new Police officers, detectives, and other agents and/or employees, trained those individuals in the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime.

18.    That, upon information and belief, at all times herein mentioned, Defendant **NEW YORK CITY POLICE DEPARTMENT,** an agency, department, and/or subsidiary of Defendant, **CITY OF NEW YORK**, as part of its program for new Police officers, detectives, and other agents and/or employees, trained those individuals in the proper procedures by which to clear a crowded area, including handling citizens and/or citizens who verbally express their desire to determine insubordination, and when, if ever, an arrest and/or violent physical force is warranted.

19.    That, upon information and belief, at all times herein mentioned, the individual(s) "JOHN/JANE DOE(S) # 1-15," as well as other Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** as part of their training program in order to become Police officers, detectives, and/or agents and employees of Defendant(s), were trained in the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime, as well as the proper procedures by which to clear a crowded area, including handling potentially

4

insubordinate citizens and/or citizens who verbally express their insubordination, and when, if ever, violent physical force is warranted.

20.     That on or about January 8, 2012, at approximately 8:30 p.m., Plaintiff, **SHERON LINTON**, was outside his residence and mother's home lawfully present in the vicinity of 640 Elton Street in Brooklyn, New York, and in the State of New York.

21.     That on or about January 8, 2012, at approximately 8:30 p.m., while Plaintiff, **SHERON LINTON**, was outside his home lawfully present in the vicinity of 670 Elton Street in Brooklyn, New York, and in the State of New York., Police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** emerged from inside the 1st floor apartment after searching the entire dwelling and asked Plaintiff, **SHERON LINTON** if he had any guns in the basement.

22.     That on or about January 8, 2012, at the above-mentioned time and location, while Plaintiff, **SHERON LINTON**, was present and Police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** Plaintiff asked his mother if she could take a picture of the officer's badges.

23.     That on or about January 8, 2012, at the above-mentioned time and location, while Plaintiff, **SHERON LINTON**, was present and Police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** forced Plaintiff's head into a nearby mailbox and then threw him onto the ground causing injury. Many witnesses were outside at the time and pictures were taken of the incident.

24.     That on or about January 8, 2012, said Police officers, at the above-mentioned time and location, caused foreign object(s) to come into contact with Plaintiff's face and body.

25.     That on or about January 8, 2012, said Police officers, at the above-mentioned time and location, caused Plaintiff to the ground.

26.     That on or about January 8, 2012, said Police officers, at the above-mentioned time and location, forced Plaintiff to the ground, and continued to cause part(s) of their bodies to come into contact with plaintiff.

27.     That on or about January 8, 2012, said Police officers, at the above-mentioned time and location, caused their hands to come into contact with Plaintiff's body and particularly his torso.

28.     That on or about January 8, 2012, said Police officers, at the above-mentioned time and location, caused foreign object(s) to come into contact with Plaintiff's body.

29.     That on or about January 8, 2012, at the above-mentioned time and location, while Plaintiff, **SHERON LINTON**, was present and Police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** handcuffed Plaintiff, dragged him over the concrete and placed him in a van for approximately two hours.

30.     That on or about January 9, 2012, at the above-mentioned time and location, while Plaintiff, **SHERON LINTON**, was present and Police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** drove Plaintiff to Central booking.

31.     That on or about January 11, 2012, at the above-mentioned time and location, while Plaintiff, **SHERON LINTON**, was present and Police officers of Defendant **NEW YORK CITY POLICE DEPARTMENT** released Plaintiff out the side door after approximately 48 hours and was told to go home. No charges were ever filed against the plaintiff.

6

32.    That on or about January 11, 2012, at the above-mentioned date and location, after Plaintiff, **SHERON LINTON,** was released from custody, he immediately went to the hospital to seek treatment.

33.    That on or about January 8, 2012, at the above-mentioned time and location, said Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** physically encountered, touched, and came into physical contact with Plaintiff, **SHERON LINTON,** against his will despite the fact that Plaintiff had in no way alluded to physical violence, nor did Plaintiff's conduct suggest that he posed a physical threat to the aforementioned Police officers at any time.

34.    That at the above-mentioned date and location, said Police Officer(s), Detectives, and/or other agents and/or employees of Defendants. **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** physically encountered, touched, and came into physical contact with Plaintiff, **SHERON LINTON,** against his will Plaintiff, **SHERON LINTON,** was nonetheless did not resist and was rightfully within his dwelling and premises.

35.    That at the above-mentioned date and location, said Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** physically encountered, touched, and came into physical contact with Plaintiff, **SHERON LINTON,** against his will despite the fact that Plaintiff had in no way alluded to physical violence, nor did Plaintiff's conduct suggest that he posed a physical threat to the aforementioned Police officers at any time, and furthermore Plaintiff, **SHERON LINTON**.

36.    That at the above-mentioned date and location, Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE**

7

**DEPARTMENT,** physically encountered, touched, and came into physical contact with Plaintiff, **SHERON LINTON,** against his will without just cause or reason.

37. That at the above-mentioned date and location, Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** physically encountered, touched, and came into physical contact with Plaintiff, **SHERON LINTON,** against his will without just cause or reason, and/or otherwise engaged him in a forceful and violent manner.

38. That at the above-mentioned date and location, while Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** physically encountered, touched, and came into physical contact with Plaintiff, **SHERON LINTON,** against his will without just cause or reason, and/or otherwise engaged him in a forceful and violent manner, said individuals were acting in the scope of their employment for Defendants **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK.**

39. That at the above-mentioned date and location, after Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** physically encountered, touched, and came into physical contact with Plaintiff, **SHERON LINTON,** against his will without just cause or reason, and/or otherwise engaged him in a forceful and violent manner, Plaintiff, **SHERON LINTON,** struggled to extricate himself.

40. That at the above-mentioned date and location, all of the acts performed by the Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** were performed in the scope of said individual

police officers' employment with Defendants **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK.**

41.     That at the above-mentioned date and location, all of the acts performed by the Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, **NEW YORK CITY POLICE DEPARTMENT,** were performed with the knowledge, permission, and consent of Defendants **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK.**

42.     That the aforesaid acts and/or omissions of the Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** resulted in the unlawful and unconsented touching of Plaintiff's, **SHERON LINTON**, body in a forceful, violent, and harmful manner by Defendants', **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** Police Officer(s), Detectives, and/or other agents and/or employees, while in the scope of their employment with Defendants, constituting unconsented contact, excessive use of force, intentional infliction of emotional distress, negligence, carelessness, negligent supervision, negligent entrustment of Police Officers, Detectives, and/or other agents and/or employees, who couched their activities, trust by Plaintiff and the general public, and Plaintiff's cooperation under the guise of official Police business, when in fact and while performing their duties, they abused their power and exerted excessive and unwarranted force upon Plaintiff, all of which was totally without Plaintiff's consent, resulting in physical injuries as well as profound psychological trauma resulting in permanent psychiatric residuals, manifestations and overlay with periods of depression, which will have life-long effects upon Plaintiff including but not limited to his ability to resume a normal and productive life, special

9

damages, and loss of enjoyment of life, all of which are set forth in detail the enumerated causes of action set forth herein below.

43. That Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, were careless, reckless, and negligent under the circumstances in the following manner but not limited thereto: In failing to avoid the happening of the incident involved herein; in failing to heed warnings; in failing to hire, train, and supervise efficient and sufficient personnel including Police Officer(s), Detective(s), and/or other agents and/or employees; in failing to comply with all applicable statutes, ordinances, rules, and regulations; in failing to exercise reasonable care in the hiring and retaining of employees; in failing to ascertain that an individual(s) was/were inappropriate and unsuitable for a particular job function or title, including as Police Officer(s), Detective(s), agents, and/or employees; in failing to monitor the subject situation; in using excessive force to clear a crowded area; in negligently conducting police duties; in failing to properly react to an individual who makes verbally disparaging remarks but otherwise presents no physical threat; in causing unnecessary physical contact with an individual who makes verbally disparaging remarks but otherwise presents no physical threat, and all of defendants acts and/or omissions constituting negligence were a direct and proximate cause of the incident involved herein and injuries sustained therefrom.

44. That at all times mentioned herein, and based particularly on the January 8, 2012 events as more fully set forth hereinabove, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, are vicariously liable for the resulting injuries of the foregoing events of the individuals "JOHN/JANE DOE(S) # 1-15," and/or other Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, as the

10

above-described acts and/or omissions were all perpetrated by Police Officer(s), Detectives, and/or other agents and/or employees of Defendant, within the scope and furtherance of their employment.

45.     That, upon information and belief, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants involved in the incident herein, including their purported prior acts of violent and forceful altercations with otherwise lawfully present citizens, and other related inappropriate behavior.

46.     That, upon information and belief, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants involved in the incident herein, including their purported prior acts of violent and forceful altercations with verbally disparaging but otherwise lawfully present citizens, and other related inappropriate behavior.

47.     That, upon information and belief, at all times mentioned herein and particularly prior to January 8, 2012, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** failed to take all reasonable steps to eliminate the aforesaid conduct of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, towards the public, including Plaintiff, and to prevent it from occurring in the future.

48.     That, upon information and belief, at all times mentioned herein, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct,

11

and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, related to their purported prior acts of violent and forceful altercations with lawfully present pedestrians, including Plaintiff, and other related inappropriate behavior.

49.     That, upon information and belief, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** failed to adequately supervise, control, discipline, and/or otherwise prevent and penalize the conduct, and the acts of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants, related to their purported prior acts of violent and forceful altercations with otherwise lawfully present residents, including Plaintiff, and other related inappropriate behavior.

50.     That, upon information and belief, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** failed to take all reasonable steps to eliminate unconsented physical excessive physical force and contact from occurring by its Police Officer(s), Detectives, and/or other agents and/or employees, in their endeavors to perform their duties as police officer involving security and supervision, and/or clearing people from a crowded premises, including the Plaintiff herein.

51.     That, upon information and belief, Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK** had actual as well as constructive notice and knowledge concerning the dangerous propensities and use of excessive force of its Police Officer(s), Detectives, and/or other agents and/or employees prior to January 8, 2012, yet failed to take the necessary and timely steps to prevent the happening of the incident involved herein.

52.     That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff,

**SHERON LINTON,** has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life.

53.     That as a result of the foregoing, the Plaintiff, **SHERON LINTON,** has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## FOR ASSAULT AND BATTERY

54.     That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

55.     That on January 8, 2012 at approximately 8:30 p.m. while Plaintiff was a pedestrian lawfully present in the vicinity of 640 Elton Street in the City and State of New York, Police Officer(s), Detectives, and/or other agents and/or employees, an employee of Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** while acting in the scope and furtherance of their employment, unlawfully touched Plaintiff, **SHERON LINTON,** in an unconsented manner, including, upon information and belief, causing numerous forceful and violent encounters with Plaintiff's body while Plaintiff attempted to determine what was occurring at his dwelling.

56.     That said forceful and violent encounters included, but were not limited to, forceful contact between the hands of at least one uniformed police officer and Plaintiff's face; forceful contact between the knee of at least one uniformed police officer and Plaintiff's torso.

57.     That on January 8, 2012 at the aforesaid time and location, at least two New York City police officer threw Plaintiff, **SHERON LINTON.**

13

58.    That on January 8, 2012 at approximately 8:30 p.m., Police Officer(s), Detectives, and/or other agents and/or employees, an employee of Defendants, **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** assaulted and battered Plaintiff, **SHERON LINTON**, with force and violence, which Plaintiff observed and interpreted with great apprehension and fear, all against Plaintiff's will.

59.    That the actions of Police Officer(s), Detectives, and/or other agents and/or employees, as employee of Defendants **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** while in the scope and furtherance of his employment, were willful, intentional and unwarranted, and were without just cause or provocation.

60.    That at all times mentioned herein, the aforesaid actions of Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** were made within the scope of their employment with Defendants **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK.**

61.    That as a direct, proximate cause of Defendants' assault and battery of the Plaintiff, the Plaintiff, **SHERON LINTON,** has suffered great physical and emotional injuries resulting in pain and suffering and emotional distress.

62.    That as a further and direct and proximate result of Defendants' assault and battery of the plaintiff, Plaintiff, **SHERON LINTON,** has suffered extreme mental anguish, outrage, severe anxiety, painful embarrassment, periods of depression, disruption of his life and loss of enjoyment of the ordinary pleasures of everyday life.

63.    That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK,** Plaintiff,

**SHERON LINTON,** has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life.

64.     That as a result of the foregoing, the Plaintiff, **SHERON LINTON,** has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

**AS AND FOR A THIRD CAUSE OF ACTION
FOR FALSE ARREST**

65.     That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

66.     That, at the above-mentioned date and location, immediately after the above-described physical altercation, Plaintiff was handcuffed by Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** and placed in a Police Vehicle.

67.     That, at the above-mentioned date and location, immediately after the above-described physical altercation, Plaintiff was handcuffed by Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** and placed in a Police Vehicle but was never read his *Miranda* rights and was not informed that criminal charges were to be brought against him.

68.     That, at the above-mentioned date and location, after Plaintiff was handcuffed by Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** and placed in a

Police Vehicle, he was taken to the 75th Precinct office of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, located at 1000 Sutter Avenue, Brooklyn, NY 11208.

69.     That, at the above-mentioned date and location, after Plaintiff was handcuffed by Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** and placed in a Police Vehicle, he was taken to the 75th Precinct office of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, located at 1000 Sutter Avenue, Brooklyn, NY 11208, where he was confined in a prison cell for twenty-four (24) hours.

70.     That Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** arrested Plaintiff, **SHERON LINTON,** but did not officially charge him with any crime. Plaintiff, **SHERON LINTON,** was then transferred to Central Bookings where he was released after approximately forty-eight (48) hours.

71.     That despite the fact that there was no meritorious basis for which Plaintiff, **SHERON LINTON,** a victim of assault and battery by Police Officer(s), Detectives, and/or other agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** could be detained, Defendants nonetheless detained Plaintiff.

72.     That on or about January 8, 2012, at approximately 8:30 p.m., Police officers, detectives, and/or other agents and/or employees of Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** accused and arrested Plaintiff, **SHERON LINTON,** of having committed a criminal act(s).

73.     That, at all times mentioned herein, the Police officers, detectives, and/or other individuals who arrested Plaintiff, **SHERON LINTON,** were agents and/or employees of

16

Defendant(s) **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**.

74.     That, at all times mentioned herein, the individual(s), "JOHN/JANE DOE(S) # 1-15," and all other individuals who partook in detaining and arresting Plaintiff, **SHERON LINTON** were Police officers, detectives, agents and/or employees of Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**.

75.     That, at all times mentioned herein, the Police officers, detectives, and/or other individuals who arrested Plaintiff, **SHERON LINTON**, were acting within the scope of their employment with Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**.

76.     That, at all times mentioned herein, the individual(s) "JOHN/JANE DOE(S) # 1-15" and all other individuals who partook in arresting and detaining Plaintiff, **SHERON LINTON**, were acting within the scope of their employment with Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK.**

77.     That, upon information and belief, on or about January 8th 2012, Plaintiff, **SHERON LINTON**, was initially detained at a precinct office of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, where he remained in custody for approximately twenty-four (24) hours.

78.     That, upon information and belief, on or about January 9th 2012, Plaintiff, **SHERON LINTON**, was detained initially at the 75th Precinct office of Defendant, **NEW YORK CITY POLICE DEPARTMENT**, and was subsequently transferred to Central Bookings where he remained in custody for approximately another twenty-four (24) hours.

79.     That, upon information and belief, on or about January 10, 2012, Plaintiff, **SHERON LINTON**, was released.

17

80.     That, upon information and belief, at no time on or about January 8, 2012, did Plaintiff commit any type of assault, resist arrest, or conspire to commit same.

81.     That no facts regarding the incident of January 8, 2012, or thereafter support the theory that Plaintiff, **SHERON LINTON**, committed any type of assault, resist arrest, or conspire to commit same.

82.     That on or about or about January 8, 2012 at approximately 8:30 p.m., Plaintiff was, without reason or just cause, arrested by Police officer(s), detective(s), agent(s) and/or employee(s) of Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**.

83.     That on or about or about January 8, 2012 at approximately 8:30 p.m., Plaintiff was, without reason or just cause, arrested by "JOHN/JANE DOE(S) # 1-15," and/or other Police officers, detectives, impact response team members, agents and/or employees of Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK**, acting in the scope of their employment with said Defendants.

84.     That, under the circumstances herein, the Defendant(s), **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK,** falsely arrested, Plaintiff, **SHERON LINTON**.

85.     That all of the foregoing have resulted in Plaintiff sustaining emotional overlay, stress, anxiety, humiliation, embarrassment, tension, and loss of wages and employment opportunity.

86.     That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff,

**SHERON LINTON,** has been caused to sustain serious permanent personal injury of mind as well as special damages and loss and/or diminution in his enjoyment of life.

87.    That as a result of the foregoing, the Plaintiff, **SHERON LINTON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION
## FOR FALSE AND UNJUST DETENTION

88.    That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

89.    That as a result of the foregoing, Plaintiff **SHERON LINTON** was held and detained by Police officer(s), detective(s), agent(s) and/or employee(s) of Defendant **NEW YORK CITY POLICE DEPARTMENT** and/or **CITY OF NEW YORK** against his will and without just or any cause.

90.    That the foregoing constitutes false and unjust detention of plaintiff, **SHERON LINTON** against his will.

91.    That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **SHERON LINTON,** has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life.

92.    That as a result of the foregoing, the Plaintiff, **SHERON LINTON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and

disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR FALSE IMPRISONMENT

93.    That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

94.    That as a result of the foregoing, Plaintiff **SHERON LINTON** was held, detained and incarcerated by Police officers, detectives, agents and/or employees of Defendant **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, against his will and without just or any cause.

95.    That Police officers, detectives, agents and/or employees of Defendant **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, intentionally confined Plaintiff, **SHERON LINTON**.

96.    That Police officers, detectives, agents and/or employees of Defendant **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, intentionally confined Plaintiff, **SHERON LINTON** within definite physical boundaries of a police precinct, as well as a jail cell, and/or other place of incarceration.

97.    That Police officers, detectives, agents and/or employees of Defendant **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, intentionally confined Plaintiff,

**SHERON LINTON,** who was aware of such confinement, within the definite physical boundaries of a police precinct, jail cell, and/or other place of incarceration.

98.    That Police officers, detectives, agents and/or employees of Defendant **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK,** as well as prosecutors employed by Defendant **CITY OF NEW YORK,** intentionally confined Plaintiff, **SHERON LINTON,** who was aware of such confinement, within the definite physical boundaries of a police precinct, jail cell, and/or other place of incarceration, with no reasonable means to contest said unlawful detention.

99.    That as a result of the foregoing, Plaintiff, **SHERON LINTON,** was FALSELY IMPRISONED by the defendants herein, against his will and without just or any cause.

100.    That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK,** Plaintiff, **SHERON LINTON,** has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life.

101.    That as a result of the foregoing, the Plaintiff, **SHERON LINTON,** has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION
## FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

102.    That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

103.    That as a result of the aforementioned incidents intentionally caused by Police officers, detectives, agents and/or employees of Defendant **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, Plaintiff, **SHERON LINTON** suffered severe emotional and/or mental distress.

104.    That as a result of the aforementioned extreme and outrageous conduct intentionally inflicted by Police officers, detectives, agents and/or employees of Defendants **NEW YORK CITY POLICE DEPARTMENT and/or CITY OF NEW YORK**, as well as prosecutors employed by Defendant **CITY OF NEW YORK**, Plaintiff, **SHERON LINTON** suffered severe emotional and/or mental distress, including but not limited to emotional overlay, depression, stress, anxiety, humiliation, embarrassment and tension.

105.    That as a result of the foregoing intentional, extreme and outrageous acts of the Defendants, Plaintiff **SHERON LINTON** suffered severe emotional and/or mental distress, all of which are permanent in nature.

106.    That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK**, Plaintiff, **SHERON LINTON,** has been caused to sustain serious permanent personal injuries of mind as well as special damages and loss and/or diminution in his enjoyment of life.

107.    That as a result of the foregoing, the Plaintiff, **SHERON LINTON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

## AND AS FOR A SEVENTH CAUSE OF ACTION FOR
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C.A. §1983

108.    That at all times herein mentioned, Plaintiff repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

109.    That at all times herein mentioned, Defendants, **CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT,** their agents and/or employees, were in existence, employed and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York.

110.    That Defendants, "in existence, employed and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York," failed to follow the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime, as well as the proper procedures by which to clear a crowded area, including handling potentially insubordinate citizens and/or citizens who verbally express their insubordination, and when, if ever, violent physical force and arrest is warranted, and said failures were committed by Defendants in their conduct towards, and treatment of Plaintiff, **SHERON LINTON,** despite knowing that they were required to follow proper procedures.

111.    That Defendants, "in existence, employed and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York," failed to follow the proper procedures by which to decide whether to bring criminal charges and/or continue to prosecute a case based upon the evidence in existence, and failed to follow the proper procedure for quickly releasing an individual and dismissing criminal charges when a prosecution was made in error, and said failures were committed by Defendants in their

23

conduct towards, and treatment of Plaintiff, **SHERON LINTON,** despite knowing that they were required to follow proper procedures.

112.    That Defendants, in existence, employed and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York, based on the foregoing, breached and/or ignored their duties, training guidelines, safety standards and other protocols, which was wholly improper.

113.    That, upon information and belief, Plaintiff **SHERON LINTON,** was subjected to the aforementioned failures and breach of duties, training guidelines, safety standards and other protocols despite being lawfully present within his own dwelling.

114.    That, upon information and belief, all facts and legitimate evidence point to the reality that on or about January 8, 2012, Plaintiff, **SHERON LINTON,** was lawfully present in the vicinity of 640 Elton Street in Brooklyn, New York, and in the State of New York, and at no time at this date and location did Plaintiff commit any type of assault, resist arrest, or conspire to commit same.

115.    That despite all facts and legitimate evidence point to the reality that on or about January 8, 2012, Plaintiff, **SHERON LINTON,** was lawfully present in the vicinity of 640 Elton Street in Brooklyn, New York, and in the State of New York, and at no time at this date and location did Plaintiff commit any type of assault, resist arrest, or conspire to commit same, the Defendants herein failed to follow the proper procedures by which to approach, question, search, and if necessary, detain an individual suspected of a crime, as well as the proper procedures by which to clear a crowded area, including handling potentially insubordinate citizens and/or citizens who verbally express their insubordination, and knowing when, if ever, violent physical force is warranted, in their conduct towards, and treatment of Plaintiff,

24

**SHERON LINTON,** despite knowing that same was required, and such proper procedures and protocol were ignored by Defendants herein.

116.    That Defendants, in existence, employed, and/or acting under the color and authority of statutes, ordinances, regulations, customs, or usages of the State of New York, failed to follow proper procedures in their conduct towards, and treatment of Plaintiff, **SHERON LINTON**, which was violative of Plaintiff's, **SHERON LINTON**, right to due process and equal protection under the laws as guaranteed by the Constitution of the United States of America.

117.    That by reason of the foregoing, Plaintiff, **SHERON LINTON**, a citizen of the United States who had resided in the City, County and State of New York, was caused to be subjected to the deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States pursuant to Title 42, Section 1983 of the United States Code.

118.    That as a result of the foregoing, Defendants herein, and/or by way of their agents and/or employees, violated Plaintiff's, **SHERON LINTON,** civil and constitutional rights.

119.    That as a result of the foregoing, Defendants herein, and/or by way of their agents and/or employees, violated Plaintiff's, **SHERON LINTON,** civil and constitutional rights, causing him to sustain emotional and/or mental distress and related residuals.

120.    That by reason of the foregoing negligence on behalf of Defendants, **NEW YORK CITY POLICE DEPARTMENT AND/OR CITY OF NEW YORK,** Plaintiff, **SHERON LINTON,** has been caused to sustain serious permanent personal injuries of body and mind as well as special damages and loss and/or diminution in his enjoyment of life.

121.    That as a result of the foregoing, the Plaintiff, **SHERON LINTON**, has sustained damages, which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff has been damaged in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS.

**WHEREFORE**, Plaintiff, **SHERON LINTON,** demands judgment against Defendants, **CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT** on each of the aforementioned causes of action, all of which exceed the jurisdictional limit of this Court, exclusive of interest, costs, and disbursements and/or Plaintiff demands judgment on each and every cause of action in a sum not to exceed TWO MILLION FIVE HUNDRED THOUSAND ($2,500,000) DOLLARS, together with costs and disbursements of this action.

Dated: New York, NY
April 5, 2012

Yours, etc.

_____
EVAN H. NASS, ESQ. (EN0857)

26

## ATTORNEY'S VERIFICATION

EVAN H. NASS, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, SHERON LINTON. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:     New York, New York
           April 5, 2012

EVAN H. NASS, ESQ. (EN0857)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHERON LINTON,

                    Plaintiff,

   – against –

CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
POLICE OFFICER JOHN/JANE DOE(S) # 1-15,

                    Defendants.

## SUMMONS & VERIFIED COMPLAINT

NASS & ROPER, LAW, LLP.
*Attorneys for Plaintiff*
SHERON LINTON
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246[*]

---

[*] Not for service of papers.